UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TYQUAN STEWART BEY,

    Plaintiff,

    v.

JUDGE HOLLY BRADY and FEDERAL
GOVERNMENT,

    Defendants.

CAUSE NO. 1:19-CV-379-WCL-SLC

OPINION AND ORDER

Tyquan Stewart Bey, without the benefit of counsel, filed a Bivens action against United States District Court Judge Holly Brady and the Federal Government. He also filed a motion for leave to proceed in forma pauperis. When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757.

Furthermore, a court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss

filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Stewart Bey satisfies the financial prong of the analysis, but the complaint falls short of what is required to state a claim. In his complaint, Stewart Bey alleges that, after Judge Brady dismissed the lawsuit he filed against Matthew Loughran, Brian Boderick, and Bloomberg BNA, she interfered with his right to appeal her unfavorable decision by denying his petition seeking leave to appeal in forma pauperis. ECF 1 at 2. He claims that when Judge Brady made this decision she was "working outside of her judicial capacity" because the U.S. Court of Appeals—and not Judge Brady—had jurisdiction over his dismissed claims. *Id*. In sum, Stewart Bey asserts that Judge Brady "abused process" for the purpose of interfering with his civil case, which caused him to incur filing fee, copying, and transportation costs associated with filing his appeal. *Id*.

"Actions under [42 U.S.C.] § 1983 and those under . . . *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), are identical save for the replacement of a state actor (§ 1983) by a federal actor (*Bivens*)." *Bieneman v. Chicago*, 864 F.2d 463, 469 (7th Cir. 1988) (parallel citations omitted). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Thus, to state a claim in a *Bivens* action, the plaintiff must allege that the defendant deprived him of a federal constitutional right while acting under color of federal law.

Under 42 U.S.C. § 1983, Stewart Bey cannot sue the defendants he has named in his complaint. With respect to Judge Brady, she is immune from suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Stewart Bey cannot proceed on his claim against Judge Brady.

Furthermore, to the extent Stewart Bey is suing the Federal Government, that claim also fails. Here, he claims, that when Judge Holly was working outside of her judicial capacity, she was "working within the scope[] of [her] employment for the [F]ederal [G]overnment." ECF 1 at 3. "In *Bivens* [*v. Six Unknown Named Agents of Fed.*

3

*Bureau of Narcotics*, 403 U.S. 388, 394 (1971)] the Supreme Court recognized an implied cause of action for damages against *federal officers* to redress a constitutional violation." *Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013) (emphasis added). Under *Bivens*, the Federal Government as the employer of the alleged wrongdoer cannot be held liable on the basis of *respondeat superior*. *See Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (internal citations omitted). Accordingly, Stewart Bey cannot proceed against the Federal Government.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here. No amendment would change the fact that Stewart Bey has sued defendants that cannot be liable to him under 42 U.S.C. § 1983.

For these reasons, the in forma pauperis motion (ECF 2) is DENIED and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because this complaint does not state a claim.

SO ORDERED on November 22, 2019.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT